UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| ANTON COUSINS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil No. 3:18-cv-00026-GFVT |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| RICK ROGERS, *et al.*, | ) ) | **&** **ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Anton Cousins is an inmate confined at the Miami Correctional Facility in Bunker Hill, Indiana. Proceeding without an attorney, Mr. Cousins has filed a civil rights complaint against prisons officials at the Franklin County Regional Jail located in Frankfort, Kentucky, pursuant to 42 U.S.C. § 1983. [R. 1.]

By separate order, the Court has granted Mr. Cousins's motion to proceed without prepayment of the filing fee. [R. 6.] Thus, the Court must conduct a preliminary review of Mr. Cousins' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). A complaint is subject to dismissal as "frivolous" where "it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court evaluates Mr. Cousins's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations

as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Mr. Cousins's complaint alleges that he was denied a kosher meal by Defendant Sergeant Lucas because Lucas told him that Mr. Cousins must first prove his faith to him. [R. 1 at 2.] He further alleges that, although he was told by Defendant Sergeant Jones to write a medical grievance, Mr. Cousins was told by medical that medical is unable to give him a kosher meal and he should instead submit a jail grievance. *Id.* at 2–3. According to Mr. Cousins, after he wrote over 20 grievances, Jones called him into Defendant Captain Abrams' office, where Mr. Cousins was told that he had to have a rabbi come to the jail with appropriate paperwork, including proof that Mr. Cousins believed the Jewish faith. *Id.* at 3. He alleges that he lost 70 pounds in 4 months. [R. 1-1.]

Mr. Cousins also alleges that, after the meeting with Jones in Abrams' office, Abrams made his "time after that hell," including an incident where Mr. Cousins alleges that Abrams "put his finger on my chest really hard with a crazy look in his face." *Id.* at 3. He also alleges that he was "jumped" on August 6, 2017, then he was placed in the same dorm with the two white inmates who jumped him, even though they were not supposed to be housed together and that Abrams told the CO to give Cousins 90 days in lockdown, while the other individual only received 20 days. [*Id.* at 3; R. 1-1.]

Based on these allegations, Mr. Cousins asserts claims of violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc–1, as well as his rights under the First, Eighth and Fourteenth Amendments.

The court has reviewed Mr. Cousins's complaint and determined that a response is required. Because Mr. Cousins in proceeding *in forma pauperis*, the United States Marshals

2

Service ("USMS") will serve the summons and complaint on Mr. Cousins's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** that:

1. A Deputy Clerk **SHALL PREPARE** four "Service Packets" for service upon Defendants Rick Rogers, Captain Abrams, Sergeant Lucas, and Sergeant Jones. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. the Order granting Plaintiff *in forma pauperis* status [R. 6];

    d. this Order; and

    e. a completed USM Form 285.

2. The Deputy Clerk **SHALL SEND** the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

3. The USMS **SHALL** personally serve a Service Packet upon Defendant Jailer Rick Rogers, Captain Abrams, Sergeant Lucas, and Sergeant Jones at the Franklin County Regional Jail, 400 Coffee Tree Road, Frankfort, Kentucky 40604, through arrangement with the Franklin County Regional Jail.

4. Cousins must immediately advise the Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case**.

5. If Cousins wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Cousins files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 17th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge